# EXHIBIT A

CAUSE NO. 348-251999-11

| | | |
|---|---|---|
| TRENCH TECH INTERNATIONAL, INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| V. | § § | |
| HAROLD RANDOLPH LENNARD, JR., RONALD LYNN PERDUE d/b/a CRP ENTERPRISES, CATHY LEA PERDUE, C.R.P. MACHINE & WELDING, INC., and CONEX EQUIPMENT MANUFACTURING, LLC, | § § § § § § § | TARRANT COUNTY, TEXAS |
| Defendants, | § | 348th JUDICIAL DISTRICT |

## AGREED PERMANENT INJUNCTION

This Agreed Permanent Injunction is entered into by and between Plaintiff, TRENCH TECH INTERNATIONAL, INC. ("Trench Tech"), and Defendants, HAROLD RANDOLPH LENNARD, JR., RONALD LYNN PERDUE d/b/a CRP ENTERPRISES, CATHY LEA PERDUE, C.R.P. MACHINE & WELDING, INC., and CONEX EQUIPMENT MANUFACTURING, LLC, (herein collectively "Defendants"). Based on the Verified Original Petition, Application for a Temporary Restraining Order, Application for Temporary and Permanent Injunctive Relief of Trench Tech International, Inc. ("Original Petition") filed in this matter and by agreement of the parties as set out in Compromise and Settlement Agreement pursuant to Mediation, the court finds:

1. The parties have agreed to the entry of this Agreed Permanent Injunction.

2. The parties have agreed and the court finds that the relief herein stated is reasonable and complies with Texas law.

3. Immediate and irreparable harm will result to Plaintiff unless this Agreed Permanent Injunction is entered.

4. Defendants acknowledge and agree that the Agreed Permanent Injunction complies with Texas Law in all respects. Specifically, Defendants acknowledge that the Agreed Permanent Injunction is reasonable and complies with Section 15.50 et seq, of the Texas Business and Commerce Code. Further, the Agreed Permanent Injunction complies with TRCP 683.

5. On or about August 16, 2012, the Parties conducted mediation of the disputes that have arisen in this matter, and the Parties entered into a Compromise Settlement Agreement ("Agreement"). The Parties have agreed that this Agreed

Permanent Injunction shall be entered, and the Court having considered the Agreement of the Parties finds and concludes that the Parties are entitled to the relief herein given.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendants, abide by the following:

1. Starting upon entry of this Agreed Permanent Injunction and continuing for a period of five (5) years thereafter:

   a. Defendants shall be enjoined from directly or indirectly marketing, manufacturing, or selling parts that are unique to and specifically for machines that have been manufactured by Trench Tech International, Inc.;

   b. Defendants are enjoined from directly or indirectly, approaching, soliciting, and/or contacting vendors for the purpose of manufacturing parts that are unique to or specifically for machines that have been manufactured by Trench Tech International, Inc.;

   c. Defendants shall return to Trench Tech International, Inc., destroy, and/or delete any and all of Trench Tech International, Inc.'s confidential information, trade secrets, and proprietary information, including but not limited to Trench Tech International, Inc.'s designs and specifications;

   d. Defendants shall not directly or indirectly disclose to any third party any of Trench Tech International, Inc.'s confidential information, trade secrets, and/or proprietary information, including but not limited to Trench Tech International, Inc.'s designs and specifications; and

   e. The parties to this Injunction have agreed that parts labeled by Trench Tech International, Inc. as "M" parts are unique to and specifically for machines that have been manufactured by Trench Tech International, Inc. unless the parts are listed on Exhibit "A" that is attached hereto and incorporated herein as if set forth at length. Notwithstanding anything contained herein Defendants can market and manufacture the parts listed on Exhibit "A" and such parts are deemed to not be unique to and specifically for machines that have been manufactured by Trench Tech International, Inc.

2. The injunction shall last for a period of five (5) years from the date of entry of this Agreed Permanent Injunction.

3. The injunction and the Agreement executed by the Parties shall dispose of all issues between the Parties.

It is FURTHER ORDERED that the parties hereto take nothing by this suit and all costs of court are taxed against the party incurring same. All other relief not expressly granted in this judgment is denied.

SIGNED the 23rd day of January, 2013.

_____
JUDGE PRESIDING

AGREED TO:

Plaintiff:
TRENCH TECH INTERNATIONAL, INC.

By: _____ Signed this the 22 day of January, 2013.
John Gilbert, Vice-President

Defendants:
Lennard:

_____ Signed this the 10 day of January, 2013.
Harold Randolph Lennard, Jr.

Perdue:

_____ Signed this the 10 day of January, 2013.
Ronald Perdue

Ms. Purdue:

_____ Signed this the 10 day of January, 2013.
Cathy Lea Perdue

CRP:

C.R.P. MACHINE & WELDING, INC.

By: _____ Signed this the 10 day of January, 2013.
                 , President

CONEX:

Agreed Permanent Injunction                                Page 3 of 5

#348-251999-11

CONEX EQUIPMENT MANUFACTURING, LLC

By: _____     Signed this the _10_ day of January, 2013.
        _____, President

AGREED AS TO FORM ONLY:

THE FRANK LAW FIRM, PLLC

| | |
|---|---|
| By: _____<br>Wayne Paul Frank<br>State Bar No. 00784078<br>Michael B. Jaskowak<br>State Bar No. 24006446<br>1017 William D. Tate Avenue, Suite 110<br>Grapevine, Texas 76051<br>Phone: (817) 949-2161<br>Fax: (817) 416-6292<br>ATTORNEYS FOR PLAINTIFF | By: _____<br>Dave Horger, Jr.,<br>State Bar No. 09995000<br>9285 Huntington Square, Ste. 105<br>North Richland Hills, Texas 76180<br>Phone: (817) 656-0466<br>Fax:    (817) 577-2504<br>ATTORNEY FOR DEFENDANTS |

COPY MAILED TO EACH ATTORNEY
OF RECORD ON _1-25-13_

EXHIBIT "A"

### 2500 Parts

2510015  Shaft, Tailwheel
2510016  Seal Cap, Tailwheel
2510017  End Cap, Tailwheel
2520014  Counter Shaft
2520015  Counter Shaft Sprocket
2520020  Bearing Spacer
2520021  Bearing Spacer
2520022  Sprocket Retainer
2520024  Bearing Housing
2520025  Seal Cap, Counter Shaft
2520045  Digging Sprocket
2520028  Differential Shaft
2520039  Differential Shaft
Cutter Plate

### 2300 Parts

2320025  Counter Shaft
2320048  Digging Sprocket
2510016  Seal Cap, Tailwheel
2510017  End Cap, Tailwheel
Cutter Plate

### 2000 Parts

2510016  Seal Cap, Tailwheel
2510017  End Cap, Tailwheel
2320048  Digging Sprocket
Cutter Plate

Agreed Permanent Injunction

Page 5 of 5