# EXHIBIT B

```
                    CAUSE NO. 348-251999-11

TRENCH TECH                    )  IN THE DISTRICT COURT
INTERNATIONAL, INC.,           )
                               )
        Plaintiff,             )
                               )
VS.                            )  TARRANT COUNTY, TEXAS
                               )
HAROLD RANDOLPH LENNARD,       )
JR., RONALD LYNN PERDUE        )
d/b/a CRP ENTERPRISES,         )
CATHY LEA PERDUE, C.R.P.       )
MACHINE & WELDING, INC.,       )
and CONEX EQUIPMENT            )
MANUFACTURING, LLC,            )
                               )
        Defendants.            )  348TH JUDICIAL DISTRICT
```

****************************************************************

ORAL DEPOSITION OF

HAROLD RANDOLPH LENNARD, JR.

FEBRUARY 23, 2018

****************************************************************

ORAL AND VIDEOTAPED DEPOSITION OF HAROLD RANDOLPH LENNARD, JR., produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and -numbered cause on the 23rd of February 2018, from 10:10 a.m. to 3:00 p.m., before Jennifer S. Ryan, CSR, in and for the State of Texas, reported by machine shorthand at the offices of Frank Law Firm, PLLC, 1017 William D. Tate Avenue, Suite 110, Grapevine, Texas 76061, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto.

```
 1                    A P P E A R A N C E S
 2
 3   FOR PLAINTIFF TRENCH TECH INTERNATIONAL, INC.:
 4        Wayne Paul Frank, Esq.
          Michael B. Jaskowak, Esq.
 5        THE FRANK LAW FIRM, PLLC
          1017 William D. Tate Avenue, Suite 110
 6        Grapevine, Texas 76051
          (817) 949-2161
 7        wpfatty@aol.com
          mjaskowak@aol.com
 8
 9   FOR DEFENDANTS HAROLD RANDOLPH LENNARD, JR., RONALD LYNN
     PERDUE d/b/a CRP ENTERPRISES, CATHY LEA PERDUE, C.R.P.
10   MACHINE & WELDING, INC., and CONEX EQUIPMENT
     MANUFACTURING, LLC:
11
          Dave Horger, Jr., Esq.
12        Attorney at Law
          9285 Huntington Square, Suite 105
13        North Richland Hills, Texas 76182
          (817) 656-0466
14        dhorgerlaw.@sbcglobal.net
15
16
17   ALSO PRESENT:
          Ronald Perdue;
18        Jerry Gilbert;
          John Gilbert;
19        Jennifer Ryan, Court Reporter.
20
21
22
23
24
25
```

3

```
 1                         I N D E X
 2                                                        PAGE
 3   HAROLD RANDOLPH LENNARD, JR.
 4   Stipulations.......................................    5
 5   EXAMINATION
 6   BY MR. FRANK.......................................    6
 7   BY MR. HORGER...................................... 101
 8   BY MR. FRANK....................................... 121
 9   BY MR. HORGER...................................... 132
10   Changes and Signature.............................. 134
11   Reporter's Certificate.............................  136
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    A.   Okay.

2    Q.   Even though you were subject to an injunction,
3 you don't know whether you sold parts to
4 Diamond H Trenching that was for Trench Tech machines
5 that are not listed on Exhibit A to the injunction; is
6 that correct?

7    A.   I know that we told them we couldn't sell
8 certain parts, and so to the best of my knowledge, we
9 haven't made them new.

10           MR. FRANK:  Which exhibit are we up to
11 now?

12           THE REPORTER:  I think it will be 11.

13           MR. FRANK:  11?

14           THE REPORTER:  Unless I'm wrong.

15           THE WITNESS:  I've got 10.

16           (Exhibit Number 11 marked.)

17    Q.   (BY MR. FRANK)  I handed you what's been marked
18 as Plaintiff's Exhibit 11.

19           Are these the documents that your attorney
20 provided to us?

21    A.   I have no idea.

22    Q.   So you don't recognize those documents; is that
23 correct?

24    A.   No, I don't.  No, I don't.

25    Q.   Let me have you go through those documents.

```
 1        A.   Pretty much, yeah.
 2        Q.   Is there anything you'd like to clear up in
 3   your testimony or that you want to correct?
 4        A.   Not that I can remember.  Not that I can think
 5   of right now.  This is all so fast, and I'm not used to
 6   doing all this.  I told you I didn't remember what Kevin
 7   Wood said after he had the meeting with you, but since
 8   I've had plenty of time to think about that, he basically
 9   told me that the first 45 minutes, y'all got to know each
10   other.  And then after that, you asked him, did he see
11   any drawings -- had he seen any Trench Tech drawings over
12   there, had he -- what did he use to inspect parts with,
13   and he said he used an inspection sheet.  And that's
14   basically the most -- you know, that you asked the
15   questions several different times.  So that's what I can
16   remember that we had to talk about.  Anything else that
17   was in that, I'm not sure.
18        Q.   Did he tell you about the documents that I
19   showed him that day?
20        A.   No.
21        Q.   Okay.  Were you aware of these documents before
22   today regarding American Augers?
23        A.   No.
24        Q.   Is there anybody else that you're aware of
25   having talked to regarding this lawsuit that you haven't
```

1  mentioned already?
2      A.   I might have -- I think I said something to
3  Roger Henning.
4      Q.   Who is Roger Henning?
5      A.   Diamond H Trenching.
6      Q.   And what did you tell -- or what did you
7  discuss with Roger Henning?
8      A.   That they were exercising their injunction
9  against me again.
10     Q.   And how did they know that, or did you -- I
11 mean, so you told him that the injunction --
12     A.   Yeah.
13     Q.   So did Diamond H know about this injunction
14 that was in place?
15     A.   They did from years ago.
16     Q.   Okay.
17     A.   Because when -- basically, whenever we did the
18 lawsuit deal and made the agreement back in August
19 of 2012, at different times I talked to Roger and David
20 that there was parts that I couldn't make anymore for
21 them.
22     Q.   Okay.  So going back to the folks that you told
23 about this injunction, I think you said that David Conlon
24 knew of this injunction; is that correct?
25     A.   Yes, sir.

Case 4:19-cv-00201-O   Document 186-2   Filed 04/05/21   Page 8 of 9   PageID 3254

100

```
 1      Q.   Roger Henning would have known about this
 2 injunction shortly after it was issued --
 3      A.   Uh-huh.
 4      Q.   -- is that correct?
 5           Who else would have been told of this
 6 injunction shortly after it was issued?
 7      A.   Let me think about this a minute because you're
 8 talking about going back --
 9      Q.   Yes, sir.
10      A.   -- five and a half years.
11      Q.   I understand.
12           I want you to think back carefully and
13 give me an answer as honestly as you can.
14      A.   Nelson Lewis, probably.
15      Q.   Who is Nelson Lewis?
16      A.   Hank Lewis at Nelson Lewis.
17      Q.   Who is Hank Lewis?
18      A.   He owned Nelson Lewis.  Nelson Lewis was his
19 father, and that's the name of the company.
20      Q.   How about at Custom Trench, did you -- did they
21 know of this injunction?
22      A.   Steve called me and --
23      Q.   Well --
24      A.   -- made a comment about that.
25      Q.   Let me go back to the injunction that was
```

```
 1  issued back in --
 2       A.   2012?
 3       Q.   -- 2012.
 4            Did he know at that time that there was an
 5  injunction in place?
 6       A.   I think I told him, you know, that there was
 7  certain parts that I couldn't make for him because he had
 8  called me at various times wanting to know, and I said,
 9  "Well, I can't really supply that part, or I can supply
10  those parts but I can't do these parts."
11       Q.   Did anybody ask you to provide the parts
12  anyway?
13       A.   I don't know.
14       Q.   Do you remember anybody who had asked you to
15  provide the parts anyway?
16       A.   Not that I can remember.  I'd like to tell you
17  yes or no, but I can't tell you one way or the other
18  because I can't remember.
19            MR. FRANK:  All right.  I'm going to pass
20  the witness.
21                        EXAMINATION
22  BY MR. HORGER:
23       Q.   Mr. Lennard, you know who I am, so we'll skip
24  that, but I want to be sure that you understand that --
25  my questions to you.  I want you to respond to them and
```