IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRENCH TECH<br>INTERNATIONAL, INC.,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§<br>§ | CIVIL ACTION NO. 4:19-CV-201-O<br>(CONSOLIDATED WITH<br>CIVIL ACTION NO: 4:21-CV-59-O) |
| TECH CON TRENCHING, INC. et al.,<br>Defendants. | §<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REVIEW AND OBJECTION TO BILL OF COSTS

Pending before the Court is Plaintiff[1] Trench Tech International, Inc. ("Plaintiff")'s Motion to Review Bill of Costs and Objections to Bill of Costs [doc. 502], filed August 3, 2022.[2] After careful consideration of the parties' briefing and the applicable law, the Court hereby **RECOMMENDS** that Plaintiff's motion be **SUSTAINED IN PART** and **DENIED IN PART**.

### I.   ANALYSIS

Defendants' Bill of Costs [doc. 493] seeks $2,910.00 for fees for service of summons and subpoenas, $57,974.50 for printed or electronically recorded transcripts obtained for use in the case, $22,138.26 for exemplification and costs of making copies of any materials for use in the case, and $26,737.50 for trial presentation and video editing. When combined, the total Bill of Costs amounts to $109,760.26. Plaintiff asks the Court to "order the Clerk to reduce the Bill of

---

[1] The Court finds that Trench-Tech International, Inc. and Trench-Tech Ltd. are one Plaintiff and will hereinafter use "Plaintiff" in the singular.

[2] The above styled and referenced action concluded with a jury trial commencing on June 22, 2022, in which the jury rendered a verdict for Defendants Tech Con Trenching, Inc., David W. Conlon, and CTS Manufacturing, LLC, and Jeremy Gilbert (collectively, "Defendants"). Accordingly, the Court entered a final judgment dismissing all of Plaintiff's claims on June 28, 2022. Defendants Tech Con Trenching, Inc., David W. Conlon, and CTS Manufacturing, LLC submitted the associated Bill of Costs on July 27, 2022.

Costs in the amount of $59,295.87," arguing that, presently, it "includes many items that are not taxable under 28 U.S.C. § 1920 or that were not necessarily obtained for use in this case." (Plaintiff's Motion to Review Bill of Costs and Objection to Bill of Costs ("Pl.'s Mot.") at 1.)

In the Declaration of Jonathan Pierce in Support of Defendants' Bill of Costs [doc. 492], Defendants submit over 200 pages of billing entries and invoices to verify their costs, stating, "Defendants actually and necessarily incurred the costs reflected in [their] Bill of Costs and the exhibits attached thereto." (Declaration of Johnathan M. Pierce ("Pierce Decl.") at 4.) In turn, Defendants argue that they have authority for their requested taxable costs, and "requests that the Clerk of Court tax the costs set forth in the [] submitted Bill of Costs against Plaintiff[] and that such costs be included in the judgment." (Defendants' Response to Plaintiff's Motion to Review Bill of Costs and Objections to Bill of Costs ("Defs.' Resp.") at 8.)

The trial court has discretion to award Rule 54(d) costs to a prevailing Defendant and enjoys great latitude in choosing whether an award of costs is warranted. *Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir. 1978); *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). A prevailing party may recover costs provided it demonstrates the costs were necessarily incurred for use in the case." *See, e.g., Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, No. 3:03-CV-887-P, 2007 WL 9711536, at *2 (N.D. Tex. Jan. 23, 2007); *Fogelman v. ARAMCO*, 920 F.2d 278, 285086 (5th Cir. 1991). Further, while the Court "certainly do[es] not expect a prevailing party to identify every xerox copy made for us in the course of legal proceedings," it does require "some demonstration that reproduction costs necessarily result from that litigation." *Op Art, Inc.*, 2007 WL 9711536 at *2; *see also* 28 U.S.C.A §§ 1920, 1920 (2,4). There is a "strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc., v. August*, 450 U.S. 346 (1981)). The presumption

is rebuttable and the prevailing party seeking to recover costs "bears the burden of proving the amount of the costs and their necessity." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 63 (5th Cir. 1994); *Melchoir v. Hilite Int'l, Inc.*, No. 3:11-CV-309-M(BH), 2018 WL 105558, at *2 (N.D. Tex. Jan. 30, 2018).

## A. Service of Summons and Subpoenas

First for review is Defendants' listed fees for service of summons and subpoenas. As stated above, Defendants' Bill of Costs lists the fee for service of summons and subpoenas at $2,910.00.[3] Plaintiff argues that Defendants' invoices reflect five subpoenas that "were never served, [] demonstrate[ing] that they were not necessary." (Pl.'s Mot. at 3.) As "[t]he service fees for those five subpoenas total $1,191.75," Plaintiff asks the Court to deduct this amount from the Bill of Costs. (*Id.*) Moreover, Plaintiff argues that Defendants' use of a private process server is not properly taxable as costs. (*Id.*, citing *Eastman Chem. Co. v. PlastiPure, Inc.*, No. A-12-CA-057-SS, 2013 WL 555373, at *6 (W.D. Tex. Oct. 4, 2013).) In response, Defendants claim "[t]hese costs are recoverable under 28 U.S.C. § 1920(1)" but fails to address Plaintiff's specific arguments regarding private process serving and the necessity of any un-served subpoenas. (*See* Defs.' Resp. at 6 (emphasis omitted).)

The Court finds Plaintiff's argument for reduction based on the un-served subpoenas is valid.[4] As stated above, the prevailing party—here, Defendants—have the burden to prove the

---

[3] Section 1920(1) states, "A judge or clerk of any court of the United States may tax as costs fees of the clerk and marshal." 28 U.S.C. § 1920(1).

[4] The Declaration of Jonathan Pierce reveals six invoices from Dallas-based Special Delivery Service, Inc. a private processing company.

| Invoice # | Amount     |
|-----------|------------|
| 650404    | $1,206.75  |
| 613858    | $729.00    |
| 613316    | $409.50    |
| 647877    | $1,095.35  |

3

amount of costs and their necessity. *See*, discussion, *supra*. In their response, Defendants wholly fail to offer a reason why subpoena fees for unserved subpoenas—two of which were targeted at parties in this case—are necessary and should be taxed against Plaintiff.

Moreover, regarding Defendants' use of a private process server, the Court finds that a reduction in the Bill of Costs for such expenses is also justified. Courts in this jurisdiction have long held that private process server fees are not taxable, absent a finding that the parties or case is exceptional in nature. *See, e.g., Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997); *McCoy v. Hernandez*, No. 3:96-CV-2694-R, 1999 WL 3861, at *3 (N.D. Tex. Jan. 15, 1991); *Auto Wax Co., Inc. v. Mark V. Products, Inc.*, No. 3:99-CV-0982-M, 2002 WL 265091, at *1 (N.D. Tex. Feb. 22, 2022). The Court finds that neither the parties nor case is exceptional in nature. Based on the foregoing, the Court **RECOMMENDS** that Defendants' Bill of Costs for service and summons of subpoenas be **REDUCED** by $1,191.75, the costs associated with using a private process server.[5]

Accordingly, the Court **RECOMMENDS** that Defendants be awarded $1,718.25 for service of summons and subpoenas as taxable and necessarily incurred costs.

| 6494490 | $797.50 |
| 649927 | $472.25 |

(Pierce Decl. at 101-16.) Within Invoice # 613858, three subpoenas, one to John Gilbert, one to Jerry Gilbert, and one to Kelly Ralls, were not served. (*Id.* at 102.) Within Invoice # 647877, Jerry Gilbert was not served, as service was "cancelled by client [Defendants]." (Id. at 104.) Lastly, within Invoice # 649927, Ted Groodrum's service was attempted but also "cancelled by client [Defendants]." (*Id.* at 106.) The cost of the five un-served subpoenas total $1,191.75.

[5] The Court notes that caselaw supports the instant Plaintiff's recovery of the entirety of the costs listed on the Bill of Costs for private process serving. The Court calculates the entire costs for private process serving at $4,710.35. However, Defendants' Bill of Costs only reflects $2,910.00 for summons and service fees and Plaintiff, in its Motion, only seek reduction in the amount of $1,191.75.

### B. Transcripts

Next for review is the $57,974.50 Defendants list as fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Plaintiff's issues fall within three categories: (1) video depositions, (2) miscellaneous deposition fees, and (3) non-itemized invoices. (Pl.'s Mot. at 4-6.) First, Plaintiff challenges "the taxing cost for the videos of the depositions of David Conlon, Brenda Gilbert, Jerry Gilbert, John Gilbert, Kelly Ralls, Randy Norris, Randy Lennard, Aaron Ballard, and Jack Smith, in addition to the written depositions of those witnesses." (Pl.'s Mot. at 4.) Plaintiff argues, *inter alia*, that Defendants "failed to present competent evidence that the videos were necessary," that "the video depositions were not used at trial," and that "there were no plausible reasons to purchase" videos of Defendants David Conlon and Jack Smith, and employee Randy Norris. (*Id.* at 5.) Plaintiff next argues that the "miscellaneous deposition fees" for "expedited transcripts, "appearance fees," and "litigation package" fees, and "syncing fees" are not taxable.[6] (*Id.* at 5 (emphasis omitted) (internal quotations omitted).) Lastly, Plaintiff argues that "nonitemized invoices for the written transcripts should be reduced by 25% because of likely hidden fees that are not taxable." (*Id.* at 6.)

In their response, Defendants claim that the fees for printed or electronically recorded transcripts necessarily recorded are recoverable under 28 U.S.C. § 1920(2).[7] Regarding video

---

[6] Plaintiff lists the following as "not taxable" miscellaneous deposition fees:

- Administrative and administrative video fees: $1,862.00
- Rough draft fees: $1,659.40
- Reporter appearance fees: $1,485.00
- Remote video fees: $667.50
- Shipping and Handling: $288.00
- Other [media and cloud service] fees: $866

(Pl.'s Mot. at 6 (internal footnote omitted).) When totaled, these fees amount to $6,827.90.

[7] Section 1920(2) provides a judge or clerk of any court of the United States may tax as cost fees for printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2).

deposition transcripts, Defendants argue "Section 1920 of Title 28 permits the recovery of costs for 'electronically recorded transcripts,' which the Northern District of Texas has construed to 'indisputably authorize[] recovery of costs for video recordings of depositions.'" (Defs.' Resp. at 3, quoting *Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC, et al.*, No. 3:12-CV-1318-B, 2020 WL 230617, at *2 (N.D. Tex. Jan. 14, 2020).) Next, in response to Plaintiff's argument that the Defendants failed to articulate the necessity of the videos, Defendants argue that "David Conlon and Jack Smith were individually named Defendants and [] Plaintiff[] *could have* introduced their depositions at trial as direct testimony." (Defs.' Resp. at 3, relying on FED. R. CIV. P. 32(a)(3) (emphasis added).) Regarding Randy Norris, Defendants assert that "Plaintiff[] intended to call [him] via deposition," thus "[i]t was necessary for Defendants to have purchased the video [deposition of Randy Norris] to include Defendants' counter depositions." (*Id.*) Defendants seem to suggest that the other individuals listed in Plaintiff's motion—John Gilbert, Jerry Gilbert, Randy Lennard, and Kelly Ralls—who were "older individuals who had significant health issues," benefitted from video depositions. (*Id.* at 4.) Lastly, Defendants assert, "[i]t is irrelevant that the deposition was not actually used at trial," what matters is whether there was a "reasonable expectation" that the deposition *could be used* in trial. (Defs.' Resp. at 2-3 (emphasis added) (internal quotations omitted), (citing *Anderson v. Siemens Med. Sys.*, No. 3:98-CV-1850-M, 2002 U.S. Dist. LEXIS 1923, at *13-14 (N.D. Tex. Feb. 6, 2002); *Streams Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999)).[8]

The Court finds that the Defendants have articulated that the video depositions, in addition to the written transcripts of David Conlon, Brenda Gilbert, Jerry Gilbert, John Gilbert, Kelly Ralls,

---

[8] Defendants fail to address Plaintiff's argument surrounding the "miscellaneous deposition fees," and, regarding "non-itemized invoices," Defendants state that "Plaintiff[] should know the cost break down as they likely obtained the same deposition copies." (Pl.'s Mot. at 5; Defs.' Br. at 4.)

Randy Norris, Randy Leonard, Aaron Ballard, and Jack Smith were reasonably necessary given the issues resolved at trial and therefore their respective costs are recoverable. *See Schmid. V. U.S.*, No. 1:18-CV -0088-DAE, 2021 WL 6750898, at *4-5 (W.D. Tex. Jan. 12, 2021). Next, the Court accepts the Defendants' argument that it is irrelevant whether the videos were, in fact, used at trial. "Costs of 'reasonably necessary' depositions may be included in the Bill of Costs even though the deposition was not used at trial." *Fibre Corp. v. GSO America, Inc.*, No. 5:04-cv-170-DCB-JMR, 2006 WL 8459652, at *1 (S.D. Miss. Nov. 27, 2006), quoting *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

Regarding miscellaneous deposition fees, the Court finds that Defendants failed to meet their burden of showing the cost and necessity of such incidental fees. Fees for counsel's appearance or for counsel's convenience, and litigation packets are not listed under Section 1920 and are deemed incidental. *See Canion v. U.S.*, No. EP-03-CA-0347-FM, 2005 WL 2216881, at *4 (W.D. Tex. Sept. 9, 2005) (reducing Bill of Costs for listed items that are "primarily for convenience of counsel.") Moreover, Defendants, in their response, wholly fail to address Plaintiff's argument. Accordingly, the Court finds a reduction to the Bill of Costs in the amount of $6,827.90 is warranted.

Lastly, with respect to non-itemized invoices, the Court finds Defendants have failed to meet their burden of showing the non-itemized were taxable or necessarily incurred. The invoice associated with Jerry Gilbert merely states, "charges for the original video services for the deposition of Jerry Gilbert" and the description reads "deposition expense." (Pierce Decl. at 29.) The invoice pertaining to video services for John Gilbert and Kelly Ralls similarly state charges for the "original and 1 copy of transcript of: John Gilbert," and is described as a "deposition expense." (*Id.* at 32-3; 61-2.) The invoices do not provide a page count for the transcription or

any other detailed information; instead, there is merely a charge associated with unknown video services.[9]

Without any additional information from Defendants, the Court declines to accept charges for unknown services. *See U.S. ex rel. King v. Solvay S.A.*, No. H-06-2662, 2016 WL 352873, at *4 (S.D. Tex. June 28, 2016) ("the court cannot simply set a reasonable rate per page per transcript because neither the invoices nor [] counsel's affidavit indicates the number of pages per deposition."); *Sealy v. EmCare, Inc.*, No. 2:11-CV-120, 2013 WL 3772470, at *5 (S.D. Tex. July 15, 2013) ("The Court finds that the invoice does not provide sufficient information for the Court to make a determination [of the reasonable and necessary expenses for the deposition], and Defendants are denied their costs for the deposition.").

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Bill of Costs for transcripts **REMAIN** as is in relation to video depositions, and that Defendants' Bill of Costs be **REDUCED** by $6,827.90 for the costs of the miscellaneous deposition fees and $13,285.50 non-itemized invoices.

Accordingly, the Court **RECOMMENDS** that Defendants be awarded $37,861.10 for transcripts as taxable and necessarily incurred costs.

---

[9] The challenged invoices are as follows:

| Subject | Invoice # | Amount |
|---|---|---|
| Jerry Gilbert | 569901 | $1,670.00 |
| | 569698 | $2,291.55 |
| John Gilbert | 551018 | $2,662.70 |
| | 551152 | $2,120.00 |
| Kelly Ralls | 551551 | $1,776.25 |
| | 550328 | $1,095.00 |

(*See* Pierce Decl. at 29-30; 32-3; 61-2.) Collectively, they amount to $13,285.50.

## C. Copies

Third for review is the $22,138.26 Defendants list as their costs for making copies of any materials that were necessarily obtained for use in the case. Plaintiff seeks a reduction of $4,726.75 for "other charges" that are "presume[ably] [] for the convenience of counsel" and not taxable. (Pl.'s Mot. at 7 (emphasis omitted).) The charges in question are a delivery fee, two charges for project management time, and for scanning and printing Plaintiff's exhibits. (*See Id.*)

In addition to relying on 28 U.S.C. § 1920 (3),(4), Defendants argue, *inter alia*, the following:

> Defendants agreed to receive the revised exhibits electronically to save shipping time from Arlington to Houston. Because Plaintiff['s] original trial exhibits were in utter disarray and took nearly a week to fix, Defendants should be able to recoup the cost of printing the exhibits received so close to trial.

(Defs.' Resp. at 6 (internal citation omitted).) Additionally, Defendants assert, "Plaintiff[] essentially argue[s] that Defendants should have forgone copies of documents responsive to Plaintiff['s] subpoenas, which is not a credible argument. Of course Defendants should have obtained those documents." (*Id.*)

"Reproductions necessarily obtained for use in the case are included within taxable costs, providing the prevailing party demonstrates the necessity." *Fogleman*, 920 F.2d at 286. Further, "[t]he copy process necessarily includes binders and other materials, and charges for those materials may be recovered as taxable costs." *Jacked Up, LLC v. Sara Lee Corp., No. 3:11-CV-3296-L,* 2015 WL 10607574, at *4 (N.D. Tex. Sept. 2, 2015) (citing *Favata v. Nat'l Oilwell Varco, LP,* No. 2:12-CV-82, 2014 WL 5822781, at *5 (S.D. Tex. Nov. 10, 2014)). The Court first finds that Defendants' delivery fee for transcripts is taxable. Nestled between charges for index tabs and a three-ring binder, the Court finds a delivery fee falls squarely within appropriate charges for copy materials. The delivery of copies is necessary and Defendants should recover the costs.

Next, as to the issue of project management fees, the Court finds Plaintiff's reliance on *United States ex rel. King v. Solvay S.A.* is meritorious. In *King*, the Court found that, because the defendant did not specifically address project management in its response to plaintiff's objections, that the defendant did not meet its burden of showing that project management is "sufficiently analogous to making copies to be recoverable under § 1920 (4)." 2016 WL 3523873 at *12. The instant case parallels *King*; Defendants failed to address Plaintiff's argument for an exclusion of the project management fees and, as such, the Court follows *King* and finds a reduction of $412.50 is warranted.

Lastly, the Court finds that Defendants' scanning and printing of Plaintiff's exhibits is taxable and recoverable. "The parties' agreement to produce documents to eachother in the electronic [format] does not obviate the need for any paper copies . . . Thus, Defendants may recover costs for copies of documents necessary for use in the case notwithstanding the agreement between the parties." *Jacked Up, LLC*, 2015 WL 10607574 at *3. The Court finds Defendants have met their burden to prove the necessity of printing and scanning Plaintiff's exhibits, regardless of the parties' agreement for their electronic sharing. Accordingly, Defendants should recover their costs.

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Bill of Costs for copies **REMAIN** in relation to the delivery fee and the scanning and printing of Plaintiff's exhibits, and be **REDUCED** by $412, the costs for project management fees.

Accordingly, the Court **RECOMMENDS** that Defendants be awarded $21,726.26 for delivery fees, scanning and printing, and project management fees as taxable and necessarily incurred costs.

### D. Trial Presentation

The fourth and final determination the Court must make involves Defendants' $26,737.50 bill for trial presentation and video editing. In its motion, Plaintiff argues that "[t]rial presentation costs are not recoverable because they are not authorized by 28 U.S.C. § 1920" and because "Defendants did not obtain court preauthorization before trial." (Pl.'s Mot. at 8.) Moreover, Plaintiff asserts that "[v]ideo editing costs are not recoverable" and "digital Bates-labeling" are not properly taxable.[10] (*Id.*) (emphasis omitted) In response, Defendants provide a myriad of case law that supports trial presentation, video editing, and Bates-labeling costs are recoverable. (Defs.' Resp. at 4-5.) Defendants clarify that they "are only seeking recovery of the trial time, which constitutes 36% of the overall costs." (*Id.*) (internal citation omitted). Defendants note that "Plaintiff[] also had a person who assisted with their trial graphics," and that "Plaintiff['s] extensive trial exhibit list . . . made a trial consultant even more important." (*Id.*)

The Court finds that Defendants are not able to recover costs associated with Bates-labeling of documents. *See E.A.F.F. v. U.S.*, No. SA-08-CA-124-XR, 2014 WL 2155263, at *4 (W.D. Tex. May 22, 2014) ("The Court concludes that endorsing is part of document processing . . . and therefore does not allow the endorsing costs."), relying on *Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009, WL 3614519, at *4 (prevailing party not entitled to recover costs for electronic Bates labeling or coding). Accordingly, the Court Bill of Costs for Bates-labeling should be reduced by $3,280.39.

---

[10] Plaintiff seeks a reduction of $3,280.39 for costs associated with Bates-labeling. (Pl.'s Mot. at 8.) Plaintiff does not list a desired recovery amount for video editing costs and, as such, the Court will not address this argument. Plaintiff also seeks a $2,873.50 reduction for "copies of records from third-party subpoenas," asserting that "Defendants have not shown the records to be necessary for trial." (*Id.*) The Court addresses this in section C, *supra*, and declines to further address it.

11

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Bill of Costs **REMAIN** as to presentation costs, video editing, and copies of records from third-party subpoenas, and be **REDUCED** by $3,280.39 for costs associated with Bates-labeling.

Accordingly, the Court **RECOMMENDS** that Defendants be awarded $23,457.11 for presentation costs, video editing, copies of records from third-party subpoenas, and Bates-labeling as taxable and necessarily incurred costs.

## II. CONCLUSION

The Court **RECOMMENDS** that Plaintiff's Motion to Review Bill of Costs and Objection to Bill of Costs [doc. 502] be **SUSTAINED IN PART** and **DENIED IN PART**.

After subtracting the disallowed amount for private process serving fees ($1,191.75), miscellaneous deposition fees ($6,827.90), non-itemized invoices ($13,285.50), project management fees ($412), and Bates-labeling fees ($3,280.39), from the original requested amount of $109,760.26, Defendants' recoverable costs total $84,762.72. Defendants should be awarded $84,762.72 in taxable costs.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT ORDER

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed

factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 20, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 6, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh