IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRENCH TECH INTERNATIONAL, INC., Plaintiff, | § § § § | |
| VS. | § § § § | CIVIL ACTION NO. 4:19-CV-201-O (CONSOLIDATED WITH CIVIL ACTION NO: 4:21-CV-59-O) |
| TECH CON TRENCHING, INC. et al., Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND DISCOVERY COSTS AS EXPENSES AND SANCTIONS AGAINST DEFENDANT JEREMY GILBERT

Pending before the Court is Plaintiff Trench Tech International, Inc. ("Plaintiff")'s Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert [doc. 494], filed July 27, 2022. After careful consideration of Plaintiff's Motion and the applicable law,[1] the Court recommends the Motion [doc. 494] be **GRANTED IN PART and DENIED IN PART.**

### I.   FINDINGS

In its Motion, Plaintiff seeks recovery of both attorneys' fees and discovery costs against *pro se* Defendant Jeremy Gilbert (hereinafter, "Defendant") "incurred because of Defendant Jeremy Gilbert's numerous failures to respond to Plaintiff's discovery requests and obey court orders." (Plaintiff's Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert ("Pl.'s Mot.") at 1.)[2]

---

[1] The Court notes Defendant wholly failed to file a response brief.

[2] On June 28, 2022, a Final Judgment [doc. 489] was entered in favor of Defendant and his co-Defendants pursuant to a jury in favor of the defense on all claims. Now, in this post-trial motion, Plaintiffs argue recovery for attorneys' fees in the amount of $35,636.50 for five pre-trial discovery motions and 7,366.00 for the pending motion before the court. Additionally, Plaintiff seeks to recover pre-trial "e-discovery costs incurred form the e-discovery services performed by CKC Consulting LLC and Elite Discovery in connection with Defendant Gilbert's two laptop

1

## A. Attorneys' Fees and Expenses

On March 20, 2020, United States District Judge Reed O'Connor issued an Order ("March 2020 Order")[3] [doc. 143] granting Plaintiff's Second Motion to Compel [doc. 97], Plaintiff's Motion for Sanctions [doc. 101], and holding Defendant in contempt of court for failing to comply with the Court's previous January 10, 2020 Order. (*See* March 2020 Order at 2.) The March 2020 Order did not address Plaintiff's request for attorneys' fees, and, as stated above, Plaintiff now seeks to recovery "attorney fees for motions resulting from Defendant Gilbert's failure to comply with discovery,"[4] for motions associated with the contempt holding, an additional motion to compel, and the pending post-trial motion before the Court pursuant to FED. R. CIV. P. 37 (a)(5)(A). (Pl.'s Mot. at 7 (emphasis omitted).)

---

computers, two storage devices, NAS device, and iCloud account (collectively, "Defendant Gilbert's ESI")" in the amount of $89,196.53. (See, *id.* at 1-2 (internal citations omitted).) In total, Plaintiff is seeking recovery of $132,199.03.

[3] With respect to Gilbert, the March 2020 Order provides the following pertinent timeline:

> On December 13, 2019, the Court issued an Order directing Gilbert to comply with Plaintiff's production request on or before December 31, 2019. Gilbert failed to comply with the Order. On January 10, 2020, the Court issued a Show Cause Order requiring Gilbert to show cause why he should not be held in civil contempt and/or sanctioned no later than January 17, 2020. Gilbert did not respond to the Court's Show Cause Order.

(March 2020 Order at 1-2 (internal citations omitted).)

[4] As stated above, Plaintiff seeks to recover attorneys' fees associated with the following motions:

1. Plaintiff's Motion to Compel the Production of Documents from Jeremy Gilbert d/b/a Gilbert Consulting and Design [doc. 73], filed September 26, 2019.
2. Plaintiff's Second Motion to Compel the Production of Documents from Jeremy Gilbert d/b/a Gilbert Consulting and Design [doc. 97], filed January 7, 2020.
3. Plaintiff's Motion for Show-Cause Why Defendant Jeremy Gilbert is not in Civil Contempt, Motion for Contempt and Motion for Sanctions [doc. 101], filed January 8, 2020.
4. Plaintiff's Partially Opposed Second Motion for Sanctions Against Defendant Jeremy Gilbert and to Stay Further Proceedings as a Sanction [doc. 122], filed February 28, 2020.
5. Plaintiff's Expedited Motion to Compel against Defendant Jeremy Gilbert and Motion for Additional Time to Complete Deposition of Defendant Jeremy Gilbert [doc. 323], filed March 6, 2022.
6. Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert [doc. 494], filed July 27, 2022.

(*See* Pl.'s Mot. at 7.)

2

Rule 37(a)(5)(A) provides that if a motion for an order compelling disclosure or discovery is granted, the court *must*, after providing the party or attorney an opportunity to be heard, order the party or attorney to pay the movant's reasonable expenses incurred in making the motion to compel, including the attorney's fees, *unless* the following three factors occurred: (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37 (a)(5)(A). "[E]xpenses that are awarded under Fed. R. Civ. P. 37(a)(5)(A) may be awarded against the party who has failed to comply with its discovery obligations and/or the party's counsel, if it was the party's counsel that was responsible for the conduct that necessitated the motion to compel." *Sanchez v. Wells Fargo Bank, N.A.*, No. SA-20-cv-00551-OLG, 2020 WL 1075049, at *3 (W.D. Tex Dec. 9, 2020) (emphasis omitted).

The Court finds Plaintiff has met the requirements of Rule 37(a)(5)(A) for the motions associated with the contempt finding and the pending post-trial motion before the Court [docs. 73, 97, 101, 122, 494] and, as such, are entitled to recover attorneys' fees. The Court finds that Plaintiff is not entitled to recover attorneys' fees associated with Expedited Motion to Compel against Defendant Jeremy Gilbert and Motion for Additional Time to Complete Deposition of Defendant Jeremy Gilbert [doc. 323]. Defendant's Sealed Response [doc. 346] provided the Court with substantial justification for Defendant's actions, and, as such, an award of expenses would be unjust.

Plaintiff claims attorneys' fees in the motions associated with the contempt motion [docs. 73, 97, 101, 122] as $34,613.50 and the motion pending before the Court [doc. 494] as $7,366.00. Plaintiff lists $1,023.00 in attorneys' fees for its Expedited Motion to Compel against Defendant

Jeremy Gilbert and Motion for Additional Time to Complete Deposition of Defendant Jeremy Gilbert [doc. 323]. Based on the foregoing, on the issue of attorneys' fees the Court finds that Plaintiff's Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert [doc. 494] should be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiff shall be awarded attorneys' fees in the amount of $41,979.50.

### B. E-Discovery Costs

Plaintiff also seeks to recover "expenses for forensic consulting on Defendant Gilbert's ESI and Attorney Fees for ESI issues" for the cumulative amount of $89,196.53 pursuant to FED. R. CIV. P. 34(b)(2)(E).[5] (Pl.'s Mot. at 8 (emphasis omitted).) As stated above, a district court may award certain taxable costs to a *prevailing* party. 28 U.S.C. § 1920; FED. R. CIV. P. 54(d) (emphasis added). In its Motion, Plaintiff neither claims to be the prevailing party, nor provides the Court with *any* case law that directs the Court to find that a loser at trial is entitled to recover e-discovery costs against the prevailing party. Accordingly, with respect to Plaintiff's requested recovery of e-discovery costs the Court finds Plaintiff's Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert [doc. 494] should be **DENIED**.

### C. Sanctions

Though not specifically addressed in its motion, Plaintiff asks the Court to impose discretionary sanctions on Defendant. To impose sanctions under Rule 37, the Court must consider two important factors: (1) whether the sanction is just and (2) whether it "specifically relates to the particular claim which was at issue in the order to provide discovery." *Ins. Corp.. of Ir., Ltd. v. Compagnie des Beauxites de Guinee*, 456 U.S. 694, 707 (1982). Courts in this jurisdiction have

---

[5] Rule 32(b)(2)(E) states that, for pre-trial purposes, unless otherwise stipulated or ordered by the court, a party must produced electronically stored documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

4

adopted "the least severe sanction adequate to achieve Rule 37(b)(2)'s purpose of reimbursing [] and deterring violations of the Court's discover orders." *See, e.g., KeyCorp v. Holland*, No. No. 3:16-CV-1948-D, 2017 WL 606617, at *16 (N.D. Tex. Feb. 15, 2017).

It appears Plaintiff is attempting to have a second bite at the apple; the Court directs Plaintiff's attention back to the March 2020 Order, where the Court granted Plaintiff's request for sanctions and held Defendant in civil contempt of court. Imposing an additional, post-trial sanction on Defendant more than two-and-a-half years after his civil contempt would be unjust. Moreover, the discovery claims in dispute have long been resolved. Accordingly, with respect to Plaintiff's requested sanctions of Defendant, the Court finds Plaintiff's Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert [doc. 494] should be **DENIED**.

## II.   CONCLUSION

Based on the foregoing, the Court hereby **RECOMEMENDS** that Plaintiff's Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert [doc. 494] BE **GRANTED IN PART** and **DENIED IN PART**. The Court further **RECOMENDS** that Plaintiff be awarded $41,979.50 in attorneys' fees against Defendant Jeremy Gilbert.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT
### ORDER

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 20, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 6, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh