**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TRENCH TECH INT'L, INC. &** | § | |
| **TRENCH-TECH, LTD.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00201-O** |
| | § | |
| **TECH CON TRENCHING, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (ECF NO. 522) AND FINDINGS, CONCLUSIONS, AND RECOMMENDATION (ECF NO. 524)</u>

Before the Court are Plaintiff's Objection to Magistrate Judge's Order on Plaintiff' [Sic] Motion to Compel Reimbursement of Expert Fees and Expenses (First Objection, ECF No. 526), filed October 20, 2022; Defendants' Response to Plaintiff's Objection to Magistrate Judge's Order on Plaintiff's Motion to Compel Reimbursement of Expert Fees and Expenses (Def.'s Resp., ECF No. 528), filed October 27, 2022; Plaintiff's Reply to Defendants' Response to Plaintiff's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel Reimbursement of Expert Fees and Expenses (Pl.'s Reply, ECF No. 529), filed November 1, 2022; and Plaintiff's Objection to Magistrate Judge's Findings, Conclusions, and Recommendation Regarding Plaintiff' [Sic] Motion for Attorneys' Fees and Discovery Costs as Expenses and Sanctions Against Defendant Jeremy Gilbert (Second Objection, ECF No. 527), filed October 20, 2022. Plaintiff's objections to both the Magistrate Judge's Order (ECF No. 522) and his Findings, Conclusions, and Recommendation (ECF No. 524) are ripe for review. Having considered the same, the undersigned **SUSTAINS in part** and **OVERRULES in part** Plaintiff's Objection to the Magistrate Judge's

Order and **ACCEPTS** the Magistrate Judge's findings and conclusions as this Court's. The Court discusses each objection in turn.

I.       **Plaintiff's Objection to Magistrate Judge's Order (ECF No. 522)**

Plaintiff moved to compel reimbursement of expert fees and expenses on July 28, 2022 (ECF No. 497). As permitted by 28 U.S.C. § 636(b)(1), the undersigned referred that motion to U.S. Magistrate Judge Cureton on July 29, 2022 (ECF No. 500), who issued an Order on October 6, 2022, granting and denying in part Plaintiff's motion to compel (Order, ECF No. 522). Plaintiff claims the Magistrate Judge's Order errs (1) by failing to award fees for the time Plaintiff's expert ("Ballard") spent traveling to the deposition and in off-the-record deposition time (arguing Plaintiff should be awarded nine total hours for Ballard's deposition, not six hours and thirty-seven minutes) or, alternatively, by inaccurately calculating the amount owed for the time awarded; and (2) by failing to award any amount for deposition preparation. First Objection 2, ECF No. 526.

This Court must review and modify or set aside any part of the Magistrate Judge's final determination regarding the non-dispositive matter that is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). Having considered the Order, the parties' subsequent briefing, and applicable law, the undersigned **SUSTAINS in part and OVERRULES in part** Plaintiff's objection to the Magistrate Judge's Order.

A.  **Plaintiff is Entitled to Compensation for Ballard's Travel Time, Breaks, and Off-the-Record Communications During His Deposition**

In its first objection, Plaintiff claims that the Magistrate Judge erred by failing to account for anything but its expert, Ballard's, on-the-record deposition time of six hours and thirty-seven minutes. Plaintiff claims that it should also be compensated for travel time, breaks (excluding lunch), and off-the-record communications that occurred during the deposition—eight hours in total for a fee of $3,465.00. First Objection 2–3, ECF No. 526. Alternatively, Plaintiff claims that

2

the Magistrate Judge miscalculated the fee for the awarded six hours and thirty-seven minutes, and that Plaintiff is entitled to $2,548.70 for that time (rather than $2,452.45). The Magistrate Judge's Order addresses only on-the-record deposition time and makes no findings as to the other time proposed by Plaintiff. *See* Order 9, ECF No. 522.

The Court agrees that Plaintiff is entitled to, at least, $2,548.70, which reflects six hours and thirty-seven minutes of Ballard's hourly rate of $385. However, the Court also finds that Plaintiff should have been reimbursed for Ballard's travel time and the time spent off-the-record at his deposition. Neighboring Courts have awarded such fees. *See, e.g.*, *Nester v. Textron, Inc.*, 2016 WL 6537991, at *4 (W.D. Tex. Nov. 3, 2016) (awarding full hourly rate for travel time on grounds that "if the expert was not traveling, he or she might be able to bill their full rate on other work"). Compensating the expert for brief breaks and off-the-record communications throughout the nearly seven hour deposition is reasonable given that, much like necessary travel time, the expert cannot bill for his time during those interim moments. Defendant does not oppose Plaintiff's objection on this ground. *See* Def.'s Resp. 2, 4, ECF No. 528.

Thus, the Court finds that Plaintiff is entitled to compensation for all eight hours of Ballard's time traveling to and participating in his deposition, both on and off the record. Plaintiff's objection on this basis is **SUSTAINED** and the Court **ORDERS** that Plaintiff should be compensated in the amount of **$3,465.00** for Ballard's deposition time rather than the awarded amount of $2,452.45.

### B.  Plaintiff is Not Entitled to Compensation for Ballard and Gilliam's Deposition Preparation

Plaintiff claims that the Magistrate Judge erred by failing to award any amount for deposition preparation by Ballard and his associate, Gilliam. The Magistrate Judge found that Plaintiff had not carried its burden to justify the reasonableness of Ballard's claimed ten hours of

deposition preparation because the associated invoice lacked specificity and "does not parcel out his document review or travel." Order 6, ECF No. 522. Without sufficient explanation as to the nature of the expert's preparation, the Magistrate Judge determined that such an award would be unjust. *Id.* For the same reason, the Magistrate Judge denied Plaintiff's requested compensation for Gilliam's (Ballard's colleague and report co-author) five-and-a-half hours of deposition preparation. Order 8, ECF No. 522.

As the Fifth Circuit has made clear, when assessing fee requests for reasonable attorney's fees, "district court[s] may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995). Though *Kellstrom* reviewed an award of attorney's fees, the same rationale is applicable to a court's assessment of the reasonableness of an expert's fees. That is precisely what the Magistrate Judge did here in his finding that Plaintiff's supportive documentation "leaves to the Court's imagination Ballard's exact services related to the ten hours he spent preparing for the February deposition." Order 6, ECF No. 522. The invoice accompanying Plaintiff's initial motion to compel reimbursement states in total: "Services related to preparation for deposition from February 12 through February 16." Pl.'s App'x in Supp., ECF No. 498 at 14. Such a description provides no basis upon which the Court can undertake any meaningful review of whether such services were beneficial to the deposing party. Thus, the Magistrate Judge did not err in his determination that Plaintiff's invoices were too vague and lacking in specificity to justify an award of fees for deposition preparation.

The question the Court must decide then is whether Plaintiff can now, after having been denied its requested experts' fees due to insufficient evidence, introduce supporting documentation

created *post hoc* to support its renewed request for reimbursement.[1] This Court has broad discretion over whether to "receive further evidence" when reviewing a magistrate's decision, and considers several factors including: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)).

A weighing of these factors disfavors admitting Plaintiff's newly proffered evidence. Plaintiff's only explanation for its failure to provide a more substantive invoice in support of its initial motion is that—because there is no case law in the Northern District of Texas that is directly on point—Plaintiff "had no notice of a requirement for an itemized invoice until the Magistrate Judge's ruling." Pl.'s Reply 2, ECF No. 529. But, in Plaintiff's words, "[i]t is or should be common knowledge" that a party must justify their requested fees with enough detail that a reviewing Court can assess the basis for such an award. *Id.* This is true of awards for attorneys' fees and could reasonably be expected to apply in the context of experts' fees, particularly where courts in neighboring Districts have so held. *See, e.g.*, *Script Security Solutions, LLC v. Amazon.com, Inc.*, 2016 WL 6649721, at *7 (E.D. Tex. Nov. 10, 2016) ("some showing must be made as to the nature of the expert's preparation work so that the Court can determine whether that work was necessary to make the deposition process more efficient and the preparation time reasonable").[2]

---

[1] Plaintiff admits the new invoice containing more specific information about Ballard and Gilliam's preparation was created following the Magistrate Judge's denial of requested fees. Pl.'s Reply 2, ECF No. 529.

[2] Plaintiff's citation to several Courts outside the Northern District of Texas throughout its briefing belies its argument that it had "no notice" whatsoever that a court might require such an itemized invoice.

Nor is the recovery of Ballard and Gilliam's expenses important to the Plaintiff's case, the merits of which have already been decided at trial and which are not raised here. *See* ECF Nos. 488–89. Moreover, the "memory and . . . contemporaneous notes" upon which Ballard relied to create the new invoice were undoubtedly available to Plaintiff when it initially filed its motion. *Id.* Finally, even accepting Plaintiff's assertion that an award of fees would not be *unfairly* prejudicial to Defendant, this factor is, at most, neutral and does not counterbalance the other three factors that weigh against consideration of Plaintiff's new evidence.

In sum, the Court finds that the Magistrate Judge's denial of fees was not in error and that Plaintiff is not entitled to relitigate its motion to compel reimbursement by offering a new invoice created with evidence available to it at the time of its original fee application. Therefore, the Court **OVERRULES** Plaintiff's objection the Magistrate Judge's Order on this basis.

## II.    Plaintiff's Objection to Magistrate Judge's Findings, Conclusions, and Recommendation (ECF No. 524)

Plaintiff moved for recovery of discovery costs as expenses and sanctions against Defendant on July 27, 2022 (ECF No. 494). As permitted by 28 U.S.C. § 636(b)(1), the undersigned referred that motion to Magistrate Judge Cureton on July 28, 2022 (ECF No. 496). The Magistrate Judge issued his Findings, Conclusions, and Recommendation regarding the same on October 6, 2022, denying Plaintiff's request for e-discovery costs (FCR, ECF No. 524). Plaintiff claims the Magistrate Judge's FCR errs by recommending that this Court deny an award for any amount of its requested $89,196.53 in e-discovery expenses. Second Objection 4–5, ECF No. 527.

To support its objection, Plaintiff alleges that, per Court order requiring Defendant's compliance with Plaintiff's discovery requests, Defendant provided a "device dump" of 204.15 GB of e-discovery data (more than 92,000,000 pages of data, by rough estimation). *Id.* at 2–6. Plaintiff paid a third-party forensic consultant and a third-party data vendor to sort, convert to

6

usable form, and store Defendant's data, resulting in Plaintiff's incurring costs of $89,196.53. *Id.* at 5–7. The parties "agreed" to this "solution" since "Defendant Gilbert had proved himself uncooperative and non-compliant" with prior discovery requests. *Id.* at 5.

In recommending denial of Plaintiff's e-discovery expenses request, the Magistrate Judge noted that, under Federal Rule of Civil Procedure 34(b)(2)(E), "a district court may award certain taxable costs to a *prevailing party*. … Plaintiff neither claims to be the prevailing party, nor provides the Court with *any* case law that directs the Court to find that a loser at trial is entitled to recover e-discovery costs against the prevailing party." FCR 4, ECF No. 524 (emphasis in original) (citing 28 U.S.C. §1920 and FED. R. CIV. P. 54(d)(1)). Thus, in denying its fee award request, "the Magistrate Judge considered Plaintiff's request for expenses to be akin to seeking taxable court costs." Second Objection 4–5, ECF No. 527.

This Court reviews objections to a Magistrate Judge's proposed findings, conclusions, and recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C). Having considered the Magistrate's FCR, Plaintiff's objection, and applicable law, the undersigned **OVERRULES** Plaintiff's objection to the Magistrate Judge's FCR.

In its objection, Plaintiff presents the same arguments it made in its initial motion for e-discovery expenses—in fact, Plaintiff's motion and objection are nearly identical. The only new argument Plaintiff asserts is this:

> Plaintiff is not seeking court costs. Plaintiff is seeking *as sanctions* the recovery of the e-discovery expenses that were incurred solely because of Defendant Gilbert's failure to properly respond to the discovery requests and produce documents and ESI like all parties are required to. This discovery misconduct occurred after Defendant Gilbert's being held in civil contempt, and he, rather than Plaintiff, should bear the cost for how he produced his ESI.

Second Objection 7, ECF No. 527 (emphasis added).

Thus, the issue is whether Plaintiff is in fact seeking taxable "court costs" that only a prevailing party may recover, or whether Plaintiff can properly seek the e-discovery expenses as a sanction for Defendant's conduct during discovery. As an initial matter, it is clear that Plaintiff is not a prevailing party to this lawsuit. *See* ECF Nos. 488–89. Therefore, as indicated in Rule 54, Plaintiff cannot recover these costs, provided that they qualify as "costs other than attorney's fees." FED. R. CIV. P. 54(d)(1). They do. Thus, the Magistrate Judge did not err by denying these costs on this basis.

According to Plaintiff, though, its status as a non-prevailing party is irrelevant because Plaintiff now asserts that it seeks its e-discovery expenses "as a sanction" for Defendant's conduct in discovery, not as a taxable court cost. As the basis for its proposed ninety-thousand dollar sanctions award, however, Plaintiff claims only that Defendant violated the parties' "agreed" "solution" to Defendant's discovery reticence. Second Objection 6, ECF No. 527. Nowhere in its objection does Plaintiff allege that Defendant violated a specific Court order. And while Plaintiff discusses at length the steps it took to wade through Defendant's mass of data, nowhere does Plaintiff specifically claim that Defendant violated Rule 54. In essence, Plaintiff seeks its e-discovery expenses as a sanction for Defendant's alleged breach of the parties' agreement to share discovery costs and for Defendant's prior sanctionable conduct (which the Court previously addressed).[3] But, as the Magistrate Judge noted, Plaintiff has not provided the Court "with *any* case law that directs the Court" to make such an award for one party's breach of the parties' mutual agreement. FCR 4, ECF No. 524 (emphasis in original). Thus, the Court finds that the Magistrate Judge did not err by recommending that this Court deny an award for any amount of its requested $89,196.53 in e-discovery expenses.

---

[3] The Court already granted several of Plaintiff's prior sanctions motions in this litigation. *See generally* ECF Docket 4:19-cv-201.

### III.     CONCLUSION

Having considered the Magistrate's Order (ECF No. 522), the parties' subsequent briefing, and applicable law, the undersigned finds that Plaintiff is entitled to compensation for all eight hours of its expert's time traveling to and participating in his deposition, both on and off the record. Thus, Plaintiff's objection to the Magistrate's Order on this basis is **SUSTAINED** and the Court **ORDERS** that Plaintiff should be compensated in the amount of **$3,465.00**.

However, the Court finds that the Magistrate Judge's denial of fees for expert deposition preparation was not in error and that Plaintiff is not entitled to relitigate its motion to compel reimbursement by offering a new invoice created with evidence available to it at the time of its original fee application. Therefore, the Court **OVERRULES** Plaintiff's objection and request for deposition preparation fees on this basis.

Further, after reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation of the United States Magistrate Judge (ECF No. 524) and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the findings and conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the findings and conclusions of the Court.

**SO ORDERED** this **29th day** of **December, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**